UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-142-G |
| ) | |
| STATE OF OKLAHOMA *ex rel.* ) | |
| BOARD OF REGENTS OF THE ) | |
| UNIVERSITY OF OKLAHOMA, d/b/a ) | |
| Oklahoma Health Sciences Center, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

In this action, Plaintiff Amy Davis brings claims against Defendants State of Oklahoma *ex rel.* Board of Regents of the University of Oklahoma d/b/a Oklahoma Health Sciences Center ("OUHSC") and Vesper Grantham, in her individual capacity, for violations of the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq., and the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, §§ 1101-1706. *See* Am. Compl. (Doc. No. 2).

Now before the Court is a Motion to Dismiss (Doc. No. 10) filed by Defendants, seeking dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed a Response (Doc. No. 11) and Defendants have replied (Doc. No. 12).

I. *Summary of the Pleadings*

In her Amended Complaint, Plaintiff alleges as follows:

Plaintiff was employed by Defendant OUHSC from 2008 until July 2024 as a

Clinical Assistant Professor in the Department of Medical Imaging and Radiation Sciences. *See* Am. Compl. ¶¶ 7-8. Plaintiff suffers from impairments to her autoimmune system including lupus, rheumatoid arthritis, Sjögren's Syndrome, and related conditions, along with impairments to her connective tissue. *See id*. ¶ 10.

Around September 2023 Plaintiff told her supervisor, Defendant Grantham, about her medical conditions and that she intended to seek intermittent medical leave. *Id*. ¶ 11. At that time Plaintiff had worked for Defendant OUHSC for at least one year and had worked at least 1250 hours in the prior twelve months. *Id*. ¶ 12. Defendant Grantham held the position of Department Chair. *See id.* ¶ 11; Pl.'s Mot. to Dismiss at 7. Plaintiff had "many" additional conversations with Defendant Grantham regarding medical leave, during which Defendant Grantham stated that she "did not know anything about FMLA leave" and told Plaintiff she could only take paid time off. Am. Compl. ¶ 13.

Plaintiff began taking intermittent time off work around October 2023. ¶ *Id*. 14. Soon after, she requested further medical accommodations. *Id*. ¶ 15. In response to her requests, which continued until Plaintiff's termination, Defendant Grantham would act irritated, accuse Plaintiff of seeking special treatment, and mock her medical conditions. *See id*. ¶¶ 16-17. At the end of October 2023, Defendant Grantham significantly increased Plaintiff's workload and, when Plaintiff expressed concern about managing that workload due to her medical conditions, Defendant Grantham refused to provide accommodation. *See id*. ¶¶ 18-19.

In the ensuing months, Defendant Grantham repeatedly denied Plaintiff's accommodation requests and accused Plaintiff of seeking accommodation due to poor work

2

ethic and poor character. *See id*. ¶ 20. Around February 2024 Defendant Grantham began pressuring Plaintiff to take a long-term medical leave of absence if Plaintiff was unable to work without accommodation. *Id*. ¶ 21. Plaintiff explained that she wanted to continue working and could do so if Defendants would provide reasonable accommodation. *Id*. ¶ 22.

Around March 2024 Defendant Grantham issued Plaintiff a written reprimand titled "Positive Discipline Documentation" accusing Plaintiff of various acts of misconduct, including conduct caused by Plaintiff's medical conditions and Defendant's refusal to provide accommodations. *See id*. ¶¶ 23, 26. Defendant Grantham acknowledged that "at least some of the conduct for which she was disciplining Plaintiff" might have been caused by Plaintiff's medical condition and need for accommodation. *Id*. ¶ 24.

Defendant Grantham stated a willingness to discuss appropriate job modifications, noting that, depending on the requests, Plaintiff might need to contact OUHSC's ADA office. *Id*. Defendant Grantham warned Plaintiff that failure to improve attendance, communication, and conduct would result in a second written reprimand. *Id*. ¶ 26. Defendant Grantham did not explore any job modification or accommodation with Plaintiff after the reprimand, but rather continued to pressure Plaintiff to take medical leave. *Id*. ¶ 25. Around May 2024, Defendant Grantham presented Plaintiff with a letter terminating her employment at the end of July 2024. *Id*. ¶ 27.

Plaintiff was issued a right to sue letter from the EEOC and subsequently commenced this suit. *See id*. ¶ 31. Plaintiff's Amended Complaint raises five claims, two of which Defendants seek to have dismissed in the instant Motion: (1) discrimination in

3

violation of the Rehabilitation Act against Defendant OUHSC, and (2) interference and retaliation in violation of the FMLA against Defendant Grantham individually. *See* Am. Compl. ¶¶ 33-34, 47-48.

## II. Standard of Review

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id*. at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III. Discussion

    A. *Plaintiff's Rehabilitation Act Claims Against Defendant OUHSC*

Plaintiff asserts that she was subjected to discrimination on the basis of her disability, "including creation of a hostile working environment, failure to accommodate, and retaliation in the form of creation of a hostile working environment and retaliatory termination," in violation of the Rehabilitation Act. Am. Compl. ¶ 34.

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prescribes that "[n]o otherwise qualified individual with a disability" "shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The Tenth Circuit has instructed that, to state a claim under Section 504,

> [a] plaintiff must prove (1) that [she] is a "handicapped individual" under the Act, (2) that [she] is "otherwise qualified" for the position, (3) that [she] was discriminated against *solely by reason of [her] handicap*, and (4) that the program or activity in question receives federal financial assistance.

*Cline v. Clinical Perfusion Sys., Inc.*, 92 F.4th 926, 932 (10th Cir. 2024) (emphasis added) (alterations and internal quotation marks omitted). Defendants challenge Plaintiff's pleading of the third element, arguing that she fails to plausibly allege that she was discriminated against "solely by reason" of her disability. 29 U.S.C. § 794(a); *see* Defs.' Mot. to Dismiss at 3-4.

As an initial matter, Plaintiff argues that this "sole cause" standard does not apply to employment-discrimination claims or to claims based upon certain theories of liability in the employment context. *See* Pl.'s Resp. at 3-8. Plaintiff's argument is inconsistent with

5

the express language of § 794(a) and with the intervening, precedential holding in *Cline*. *See* 29 U.S.C. § 794(a); *Cline*, 92 F.4th at 932; *see also Williams v. Colo. Dep't of Corr.*, No. 21-cv-02595, 2024 WL 3069274, at *5 (D. Colo. June 20, 2024) ("Although the Rehabilitation Act and the ADA are often subject to identical analyses, they employ different causation standards: the Rehabilitation Act requires that the plaintiff's disability be the 'sole cause' of the discrimination, while the ADA requires a lesser but-for causation standard.").

As to the pleading, accepting as true all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has plausibly shown that the adverse employment actions she suffered were solely caused by her disability. Plaintiff alleges that Defendant OUHSC repeatedly ignored her requests for reasonable accommodation. *See* Am. Compl. ¶¶ 15-20. Plaintiff further alleges that Defendant Grantham was Plaintiff's supervisor at OUHSC and primary contact for all of Plaintiff's requests for accommodation. Plaintiff alleges that Defendant Grantham acted dismissively and hostilely to Plaintiff's requests, including by mocking Plaintiff and accusing her of having a "poor work ethic" and "poor character." *Id.* ¶¶ 16-17, 20. Plaintiff was ultimately reprimanded and accused of "various types of misconduct" that included conduct stemming from her medical conditions and need for accommodation. *Id.* ¶ 23. Plaintiff alleges that Defendant Grantham acknowledged this inclusion and stated a willingness to discuss potential accommodations, but accommodations were never made available, and Plaintiff was later fired. *See id.* ¶¶ 24-28.

Plaintiff therefore presents sufficient well-pleaded facts to plausibly show that she

6

was discriminated against solely by reason of her disability and that OUHSC's repeated failure to accommodate or meaningfully respond to disability-related limitations undermined her ability to manage her workload and precipitated a series of negative employment outcomes. These allegations are neither threadbare nor conclusory, and they adequately establish her cause of action. *See Cline*, 92 F.4th 926 at 932; *Staton v. DeJoy*, No. 23-CV-03223, 2025 WL 42821, at *1-3 (D. Colo. Jan. 7, 2025) (holding that comparable factual allegations adequately stated claims under the Rehabilitation Act). Defendants are not entitled to dismissal of Plaintiff's Rehabilitation Act claim for failure to state a claim upon which relief can be granted.

> B.   *Plaintiff's FMLA Claims Against Defendant Grantham*

Plaintiff alleges that she suffered interference with her FMLA rights, as well as "retaliation after she exercised and/or attempted to exercise such rights," both in violation of the FMLA. Am. Compl. ¶ 48. *See generally Jones v. Denv. Pub. Schs.*, 427 F.3d 1315, 1318-19 (10th Cir. 2005); *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170-71, 1180 (10th Cir. 2006). To establish Defendant Grantham's liability under either theory, Plaintiff must among other things plausibly plead and ultimately prove that Defendant Grantham was her "employer." *See* 29 U.S.C. § 2615(a)(1), (2); *Walkingstick Dixon v. Okla. ex rel. Reg'l Univ. Sys. of Okla. Bd. of Regents*, 125 F.4th 1321, 1341-42 (10th Cir. 2025); *Miles v. Unified Sch. Dist. No. 500*, 347 F. Supp. 3d 626, 629 (D. Kan. 2018).

Defendants argue that Plaintiff fails to plausibly plead that Defendant Grantham was Plaintiff's "employer" for FMLA purposes. *See* Defs.' Mot. to Dismiss at 4-7. The FMLA broadly defines "employer" to include not only any person who employs 50 or more

7

employees but also "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(i), (ii). To determine whether an individual defendant qualifies as an "employer" under the FMLA, the Court applies the economic reality test. *See Walkingstick Dixon*, 125 F.4th at 1342. This test examines:

> (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business.

*Id.* at 1341 (internal quotation marks omitted). Courts also consider "the defendant's control over and involvement in the plaintiff's ability to take FMLA leave and return to work." *Cordova v. New Mexico*, 283 F. Supp. 3d 1028, 1040 (D.N.M. 2017); *see also Burke v. N.M. Gen. Servs. Dep't*, No. 16-cv-0470, 2019 WL 5684524, at *3 (D.N.M. Nov. 1, 2019) ("When determining individual liability, courts often emphasize . . . the power to hire and fire and control over the ability to take FMLA leave."). No one factor is dispositive. *See Burke*, 2019 WL 5684524, at *3.

Applying the economic reality test using the standards described above, the Court concludes that the alleged facts in the Amended Complaint are sufficient at this stage to plausibly show that Defendant Grantham qualifies as Plaintiff's "employer" within the meaning of the FMLA. Plaintiff alleges that Defendant Grantham supervised Plaintiff and controlled her conditions of employment, including requests for medical accommodation. *See* Am. Compl. ¶¶ 6, 13, 18, 23, 27; Pl.'s Mot. to Dismiss at 7. In addition, Plaintiff alleges that Defendant Grantham was involved in the decision to terminate her employment

8

and was the one to deliver the termination letter to Plaintiff. *See* Am. Compl. ¶¶ 6, 27. Plaintiff recounts numerous occasions where she approached Defendant Grantham regarding leave due to her medical conditions. *See id*. ¶¶ 11, 13, 21, 26. Plaintiff alleges that Defendant Grantham engaged in each of those conversations, which, viewing the facts in a light most favorable to Plaintiff, infers Grantham had some degree of authority over the decision.

Taking Plaintiff's well-pleaded facts as true, Plaintiff has plausibly established that Defendant Grantham was her "employer" under the FMLA, as Defendant Grantham "had substantial control over the aspects of employment alleged to have been violated." *Rowley v. Brigham Young Univ.*, 372 F. Supp. 3d 1322, 1337 (D. Utah 2019) (internal quotation marks omitted) (denying dismissal where the defendant was department chair at the time of the adverse employment action and was allegedly involved in the decision); *Pedersen v. W. Petroleum, Inc.*, No. 07-CV-997, 2008 WL 977370, at *3 (D. Utah Apr. 9, 2008) (denying motion to dismiss where the plaintiff "sufficiently alleged" that the individual defendant "had the ability to control whether Plaintiff could take a leave of absence or return to his position"); *Saavedra v. Lowe's Home Ctrs., Inc.*, 748 F. Supp. 2d 1273, 1295 (D.N.M. 2010) (denying motion to dismiss where the plaintiffs had "alleged specific facts" showing that the defendant had control over leave and termination and noting that

every element of the economic reality test need not be pled).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 10) is DENIED.

IT IS SO ORDERED this 30th day of September, 2025.

_____
CHARLES B. GOODWIN
United States District Judge